**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Nelson Cortes Castillo, et al.,**
    **Plaintiffs,**

        v.                                                            Civil No. 05-2079 (PG/GAG)

**Veterans Administration, et al.,**
    **Defendants.**

**OPINION AND ORDER**

This matter is before the court on a motion to dismiss submitted by defendant, United States of America ("government"). See Docket No. 9. This action for monetary damages was originally commenced, and later amended, by plaintiffs Nelson Cortes Castillo ("Cortes"), his wife Francisca Roman-Cancel ("Roman") and the conjugal partnership existing between the two, pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C., § 2671 *et. seq.*, and supplemental state jurisdiction. See Docket Nos. 1, 21. After reviewing the pleadings and pertinent law, the court **GRANTS** in part and **DENIES** in part, the government's motion to dismiss.

**I.     Relevant Factual Background**

Plaintiff Cortes is a veteran of the United States Army. See Docket No. 21, ¶ 12. He was on active duty service during the Vietnam conflict. Id. Upon returning from service, in August 1970, Cortes was diagnosed with undifferentiated type schizophrenia which resulted in 100% mental disability and was a result of his military service. Id. Disability benefits were awarded retroactively effective February 7, 1970. Id. On July 19, 1975, Cortes' disability percentage was reduced from 100% to 70%. Id. at ¶ 13. The reduction was made effective on October 1, 1975. Id.

The reduction in disability rating was based on a June 1975 psychiatric evaluation report submitted by Dr. Curtis Right of the Veteran's Administration Hospital. Id. at ¶ 14. At the time of the reduction, Cortes' condition was severe and showed no signs of improvement. Id. at ¶ 16. Cortes sought review of the reduction in benefits determination. On November 2, 1976, the Department of Veterans Affairs issued a rating decision confirming the reduction in disability rating.

Case No. 05-2079 (PG/GAG)                               2

See Docket No. 9.  After further administrative review, the Board of Veteran Affairs ("BVA") concluded that the rating decision of 1975 contained clear and unmistakable medical error.  Id.  The BVA also concluded that Cortes was entitled to a total disability rating retroactive to 1975 and the corresponding adjustment in his monetary benefits.  Id.  On March 4, 2005, a retroactive payment in the amount of $33, 905.11 was released to Cortes.  Id.

On August 16, 2005, Cortes filed an administrative tort claim with the Department of Veteran Affairs for damages in connection with the reduction in his disability benefits.  See Docket No. 20, Exh. 1.  Cortes claimed that the 30% loss of monetary benefits resulted in the loss of his home, aggravated Cortes' condition and increased his pain and suffering.  Id.  On October 7, 2005, plaintiffs filed the instant action alleging the same.  See Docket No. 1, as amended by Docket No. 21.  On December 22, 2005, the Department of Veteran Affairs denied Cortes' claim citing 38 U.S.C. § 511(a) and noting: "[t]he evidence shows [Cortes] pursued the issue [of damages secondary to the reduction of pension benefits] through an administrative procedure and prevailed in his appeal."  See Docket No. 20, Exh. 1.  The claim was also denied because Cortes filed suit in federal district court before the prescribed statutory of six (6) months for the agency to complete an investigation and issue a decision.  Id.  On January 23, 2006, the government filed its motion to dismiss, which was duly opposed by plaintiffs.  See Docket Nos. 9, 20.  On April 21, 2006, all parties consented to proceed before the undersigned.  See Docket No. 24.

## II.    Motion to Dismiss Standard

A pre-answer motion to dismiss, such as this one, is made at the outset of litigation and is an alternative to answering the complaint.  See Joseph W. Glannon, Civil Procedure: Examples & Explanations part 4, 322 (5th ed. Aspen Publishers 2006).[1]  If granted, a motion pursuant to Rule 12(b)(1) regarding subject matter jurisdiction, for example, renders the court powerless to act over the matter or enter a valid judgment.  Id.  Therefore, a defendant seeking this type of dismissal need not answer the complaint.  See Docket No. 29.

---

[1] For a succinct discussion on motions to dismiss, see Joseph W. Glannon, Civil Procedure: Examples & Explanations at 321-35.

**Case No. 05-2079 (PG/GAG)**            3

When ruling on a motion to dismiss, the court will take the facts affirmatively alleged by plaintiff as true and construe the disputed facts in the light most favorable to the plaintiff without crediting conclusory allegations. See Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). Additionally, in motions based on jurisdiction, it is the plaintiff who bears the ultimate burden of proving that subject matter jurisdiction exists. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). Argumentative inferences favorable to the pleader should not be drawn. Menendez v. United States, 67 F.Supp.2d 42, 45 (D.P.R. 1999).

**III.    Legal Analysis**

The government's motion to dismiss was originally filed before the court allowed plaintiffs to amend their complaint. As a result, many of the arguments mentioned in the government's motion are moot. In their opposition to the motion, plaintiffs concede that the sole defendant in this case should be the United States of America. Notwithstanding, the amended complaint still includes as a party Dr. Curtis C. Right, a psychiatrist at the Veterans Administration Hospital in San Juan, Puerto Rico. Given that plaintiffs concede this point, all claims against Dr. Right are **dismissed with prejudice**.

Thus, the threshold issue is whether the court has subject matter jurisdiction over the case.

*A.    Subject Matter Jurisdiction*

The government argues that plaintiffs' claims are barred because 38 U.S.C. § 511 does not permit judicial review of a decision of the Secretary of the Department of Veterans Affairs (the "Secretary") which may affect the provision of benefits. Section 511 states: "the decision of the Secretary as to any question [of law and fact concerning benefits] shall be final and conclusive and may not be reviewed by any other official or by any court..." The government's argument is flawed.

In 1988, Congress enacted the Veterans Judicial Review Act ("VJRA") (codified in various sections of Title 38 of the U.S. Code). In doing so, it established a multi-tiered framework for the adjudication of claims regarding veterans benefits. Beamon v. Brown, 125 F.3d 965, 967 (6th Cir. 1997). In this system of judicial review, a claimant first requests benefits from the regional office of the Department of Veterans Affairs. Pursuant to the mandate established in section 511(a), the

**Case No. 05-2079 (PG/GAG)**　　　　　　　　　　4

regional office decides all questions of law and fact necessary to a determination of benefits by the Secretary to a veteran. When a claimant receives the decision from the regional office, he may then appeal to the BVA, which may either issue the final decision of the Secretary or remand the claim to the regional office for further proceedings. See 38 U.S.C. § 7104.

The Court of Veterans Appeals ("CVA") has exclusive jurisdiction over appeals from final decisions of the BVA. 38 U.S.C. § 7252(a). The CVA is an Article I court established by Congress in the VJRA. Exclusive appellate jurisdiction over decisions of the CVA resides in the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. Finally, a claimant may petition the United States Supreme Court to review the decision of the Federal Circuit Court of Appeals. 38 U.S.C. §7291. Hence, other federal courts that do not fall within this scheme are precluded from reviewing VA determinations on benefit awards or disability ratings. This is precisely plaintiffs' argument.

Plaintiffs in their opposition do not contest the retroactive benefits awarded to Cortes, nor do they challenge the factual or legal determinations upon which the award was made. Plaintiffs argue that as a result of a determination based on clear and unmistakable error which had no medical basis, they were deprived of 30 years of money to which they were entitled. As a result, they suffered loss of property and pain and suffering for the negligence of Dr. Right in misrepresenting Cortes' disability rating. In essence, plaintiffs seek compensatory damages for the doctor's negligence in issuing a psychiatric evaluation with no medical basis.

To wit, this court's review is barred only on VA determinations for benefits and rating. In this case, those matters have already been addressed by the BVA. Therefore, the issue of compensatory damages for the plaintiffs is entirely within this court's province.

Having determined that subject matter jurisdiction is present, the court analyzes the government's other arguments in turn.

### B.　　*Failure to Exhaust Administrative Claims*

The government argues that the claims of all plaintiffs Cortes, Roman and the conjugal partnership Cortes-Roman should be dismissed for failure to exhaust administrative remedies. Section 2675 of the FTCA establishes as a jurisdictional requirement that all potential plaintiffs give administrative notice to the government of the nature of any claim against it, including the amount

**Case No. 05-2079 (PG/GAG)**                     5

of damages requested.  See 28 U.S.C. § 2675; Vega v. United States, 68 F.Supp.2d 113, 116-17 (D.P.R. 1999).  The purpose of the administrative claims process is to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all.  Lopez v. United States, 758 F.2d 806, 808-10 (1st Cir. 1985).  The First Circuit applies the notice requirement leniently, recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims.  Id. at 809-10.

In this case, Cortes filed a claim with the DVA on his behalf but not on behalf of his wife nor their conjugal partnership.  Thus, it is clear that Cortes satisfied the requirement.  What is unclear is whether, based on the complaint, amended complaint or DVA letter denying Cortes' claim, the government was put on notice as to Roman's claim or that of the Cortes-Roman conjugal partnership.  There is nothing on record to suggest the same. Given that argumentative inferences should not be drawn, the court must grant the government's motion as to Roman and the Cortes-Roman conjugal partnership.  See Menendez v. United States, 67 F.Supp.2d at 45.  Therefore, the claims of plaintiffs Roman and the Cortes-Roman conjugal partnership are **dismissed without prejudice**.

Finally, the court notes that the government also argues that plaintiffs cannot sue in district court because the United States' sovereign immunity applies.  However, the Administrative Procedure Act provides a waiver of consent and is applicable to final agency actions for which there is no other adequate remedy in court.  See 5 U.S.C. § 704.  The government argues that Cortes availed himself to the appeal process and won a favorable outcome, obtaining a remedy and thus allowing for no cause of action now.  As set out in the section regarding subject matter jurisdiction, Cortes did avail himself to the appeals process for benefits and disability rating.  The issue now before the court is a different one to which the DVA issued final decision.  Furthermore, the court finds the defendant's argument unpersuasive, particularly because in its letter denying Cortes' claim, the DVA points Cortes to alternatives to appealing the decision, including filing suit pursuant to the FTCA in federal district court.  See Docket No. 20, Exh. 1.

**Case No. 05-2079 (PG/GAG)**                6

**IV.    Conclusion**

Thus, for the aforementioned reasons, the Court **GRANTS** in part and **DENIES** in part, the government's motion to dismiss (Docket No. 9).  All claims against defendant Curtis Right are dismissed with prejudice.  All claims of plaintiff Roman and the Cortes-Roman partnership are dismissed without prejudice.

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of June 2005.


*S/ Gustavo A. Gelpi*
GUSTAVO A. GELPI
United States Magistrate-Judge